CITY OF NEW YORK, Appellant, v. CORPORATION OF THE ERA, Respondent.— Order entered February 2, 1968 reversed on the law and the facts without costs or disbursements, and summary judgment granted to the City of New York to the extent of awarding a judgment of foreclosure and directing a judicial sale of the property at public auction pursuant to the Administrative Code (§ D17–12.0; *City of New York* v. *Chapman Docks Co.*, 1 A D 2d 895). Order entered January 15, 1968, affirmed, without costs or disbursements. In an in rem tax foreclosure action plaintiff, the City of New York, appeals from the orders denying its motion, and motion to renew, to strike out the defendant's answer and for summary judgment, and granting defendant summary judgment dismissing the action insofar as it relates to defendant's tax parcel. The city seeks in rem foreclosure of a tax delinquent property known as Pier 18, Hudson River, Borough of Manhattan. Taxes owed for the years 1961/62 and thereafter, total approximately $178,000. Eight days after the institution of this in rem proceeding, the city became the optionee under an option dated December 14, 1966 to purchase the subject property. Pursuant thereto the city had embarked on the complex proceedings prerequisite to the exercise of the option. An extension of the option was granted on August 5, 1967, after the city had amended the capital budget to include the sums necessary for exercise of the option and the Mayor and the City Planning Commission had approved the plan to acquire the property. Committees of the City Council had likewise approved the purchase and the Board of Estimate resolved to approve the new budget line. On July 7, 1967, the Mayor certified the expense to the Comptroller and directed the Commissioner of Marine and Aviation to acquire the property. We hold that the action taken by the city was not the equivalent of the exercise of the option. It is well to note that the decision of the learned court below assumed facts not in the record when it determined that the option had been fully exercised since the option itself was not before the court and might well have been conditioned in limitless ways. The propriety of ordering a judicial sale of the property at public auction is best demonstrated by the fact that the city obviously considered the purchase of this property under the option granted for $435,000. The city taxing authority assessed it at $630,000. At a judicial sale the city will realize the delinquent taxes or the property itself. It will be fully protected thereby. The taxpayer will have the opportunity of protecting its equity. Assuming the validity of the defendant's contention that the equity powers of the court include the right to consider the unpleaded option and circumstances surrounding it, argued in opposition to the motion for summary judgment, the result is unaltered. The facts negate the contention that the alleged option was exercised and demonstrate the contrary. Settle order on notice. Concur — Stevens, P. J., Eager, McGivern, Nunez and Steuer, JJ.